An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

JEFFREY HOWARD WILSON,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 63944

**FILED**

JUN 1 2 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

### ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction entered pursuant to an *Alford*[1] plea of second-degree murder with the use of a deadly weapon and attempted murder. Eighth Judicial District Court, Clark County; David B. Barker, Judge.

Appellant Jeffrey Howard Wilson argues that the district court erred by denying his presentence motion to withdraw his plea because it was not knowingly and voluntarily entered due to ineffective assistance of counsel[2] and the fact that his mind was clouded and he was intoxicated by the forced administration of psychotropic drugs while in custody.

A defendant may move to withdraw a plea before sentencing, NRS 176.165, and the district court may, in its discretion, grant such a

---

[1]*North Carolina v. Alford*, 400 U.S. 25 (1970).

[2]To the extent that Wilson presents ineffective-assistance-of-counsel claims that were not presented to the court below, we decline to consider them for the first time on appeal. *See Davis v. State*, 107 Nev. 600, 606, 817 P.2d 1169, 1173 (1991), *overruled on other grounds by Means v. State*, 120 Nev. 1001, 1012-13, 103 P.3d 25, 33 (2004).

SUPREME COURT
OF
NEVADA

(O) 1947A

14-19268

motion "for any substantial, fair, and just reason." *Crawford v. State*, 117 Nev. 718, 721, 30 P.3d 1123, 1125 (2001). "On appeal from a district court's denial of a motion to withdraw a guilty plea, [we] will presume that the lower court correctly assessed the validity of the plea, and we will not reverse the lower court's determination absent a clear showing of an abuse of discretion." *Riker v. State*, 111 Nev. 1316, 1322, 905 P.2d 706, 710 (1995) (internal quotation marks omitted).

After entering his *Alford* plea, Wilson sought to withdraw from the plea on grounds that (1) "counsel expressed unwillingness to proceed with [his] desire to go to trial," (2) he was intoxicated and suffering withdrawal symptoms during the plea canvass, (3) he was actually innocent, and (4) defense counsel was not conflict-free at the time of the plea. The district court appointed new counsel to determine whether grounds existed for a motion to withdraw the *Alford* plea. New counsel determined that a motion to withdraw based on medication-induced incompetence would be frivolous, advised Wilson that he lacked sufficient legal grounds to withdraw the plea, and asked the district court to place the matter back on the calendar so that Wilson could present his motion to the court before sentencing. The State filed an opposition to Wilson's motion to withdraw, the district court placed the matter back on the calendar, and Wilson had an opportunity to address the court. The district court reviewed the totality of the record and found no basis to support a motion to withdraw the *Alford* plea.

The record on appeal supports the district court's factual finding, and we conclude that Wilson has failed to demonstrate that the district court abused its discretion by denying his presentence motion to withdraw his *Alford* plea. *See Molina v. State*, 120 Nev. 185, 190, 87 P.3d

Supreme Court
OF
Nevada

(O) 1947A

2

533, 537 (2004) (defendant bears the burden of proving that plea is invalid). Accordingly, we

ORDER the judgment of conviction AFFIRMED.

_____ Pickering ____, J.
Pickering

_____, J.          _____, J.
Parraguirre                    Saitta

cc:   Hon. David B. Barker, District Judge
      Yampolsky, Ltd.
      Attorney General/Carson City
      Clark County District Attorney
      Eighth District Court Clerk